## Haubert *versus* Haworth.

1. Mortgagor sued mortgagee for not entering satisfaction on a mortgage which mortgagor alleged had been paid; afterwards mortgagee issued a sci. fa. on the mortgage, and also entered judgment on the bond accompanying it; the mortgagor obtained a rule to open the judgment. Pending all these proceedings the parties made an agreement that the suit for not entering satisfaction and the issue on opening the judgment should be stayed, "and the issues and questions arising therein be settled and determined by the final judgment" in the sci. fa. There was a verdict for the mortgagor in the sci. fa. The mortgagee in the action against him for not entering satisfaction pleaded that the mortgagor had agreed "that the issue and questions arising in this suit should be settled by the final judgment" in the sci. fa. *Held*, that the plea was bad, either as in abatement or in bar, or as a plea of submission and award.

2. The verdict for the mortgagor in the sci. fa. was conclusive that the mortgage had been paid, and therefore the mortgagee was in default in not entering satisfaction on the mortgage.

3. The agreement was not a bar to the action for not entering satisfaction; it was that the issues, &c., in that case should be determined according to the judgment in the sci. fa.

February 26th 1875. Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the District Court of *Philadelphia:* Of July Term 1873, No. 84.

This was an action on the case, brought February 28th 1867, No. 360 to March 1867 of the court below, by Adam S. Haubert against James Haworth, for damages for refusing to enter satisfaction on a mortgage from the plaintiff to the defendant—the plaintiff alleging that the debt secured by the mortgage had been paid.

The declaration set out the execution and delivery of a mortgage dated March 8th 1866, to secure the payment of a bond conditioned for the payment of $2000; the payment on the 11th of October 1866, of the amount of the bond; the request of plaintiff to the defendant to enter satisfaction, the tender of costs, and refusal by defendant to enter satisfaction, notice to defendant, &c.

The defendant pleaded non-assumpsit; also, that the plaintiffs and not paid the debt of $2000, secured by the mortgage, but that the same still remained unpaid and due.

The defendant further pleaded an agreement, "that the issue and questions arising in this suit, should be settled and determined by the final judgment in a suit then depending between him the said plaintiff and the said defendant in this court, instituted to March Term 1870, and No. 770."

The case was tried January 3d 1873, before Hare, P. J.

The plaintiff gave in evidence a purchase-money mortgage from himself to one Geisse; also, the mortgage mentioned in the declaration from plaintiff to defendant; also, scire facias on defendant's mortgage, to March Term 1867, No. 770, in which there was a verdict for the defendant, January 25th 1872; also, notice No-

[Haubert *v.* Haworth.]

vember 6th 1866 of plaintiff to defendant to enter satisfaction, with tender of costs, &c. Also, record of entry of judgment on the bond accompanying the mortgage to defendant to June Term 1867, No. 403, in which plaintiff (Haubert) obtained a stay and a rule to open this judgment; conveyance by plaintiff of the land bound by the mortgage to Peter Haubert, July 17th 1867.

The agreement referred to in the special plea was :—

" Adam S. Haubert *v.* James Haworth. D. C. March Term 1867, No. 360.

James Haworth *v.* Adam S. Haubert. D. C. March Term 1867, No. 770.

James Haworth *v.* Adam S. Haubert. D. C. September Term 1867, D. S. B., No. 403.

Agreed that all further proceedings in the above actions, March Term 1867, No. 360, and September Term 1867, D. S. B., No. 403, be stayed, and the issue and questions arising therein be settled and determined by the final judgment in the above-named action, March Term 1867, No. 770, in which defendant 'will waive the question of mortgage not due, and let an issue be made as to payment of mortgage only.'

O'BRIEN, Att'y for James Haworth.<br>LEWIS C. CASSIDY, for Haubert.

Philadelphia, Oct. 30th 1867."

There was evidence by plaintiff of actual payment of the mortgage, and of expenses incurred by him in relation to the suits upon it and evidence of defendant in contradiction.

The defendant asked the court to charge :

1. That as plaintiff has not proved that defendant had received $2060 before request to satisfy, the verdict must be for defendant.

2. That plaintiff can recover no damages, except that arising from October 11th 1866 to July 17th 1867, the time he parted with his title.

3. That plaintiff can recover only for the expenses other than counsel fees incurred by him in defence of the suit on the mortgage; and as no evidence has been given of any such expense, the verdict must be for nominal damages only, although the jury believe plaintiff paid the mortgage debt before the request.

4. That defendant is entitled to a verdict on the special plea, filed in court January 3d 1873.

The court refused the 1st, 2d and 3d points, and affirmed the 4th.

The jury found a verdict for the plaintiff for $1500, and for the defendant on the special plea.

Judgment was entered for the defendant.

The plaintiff removed the record to the Supreme Court by writ of error, and assigned for error, that the court erred,

[Haubert *v.* Haworth.]

1. In directing a verdict on the special plea and entering judgment on the verdict.

2. In not entering judgment on the verdict for the plaintiff.

*P. Archer, Jr.* (with whom were *S. Wakeling* and *L. C. Cassidy*), for plaintiff in error.—The special plea if treated as a plea in abatement was out of time: Good Intent Co. *v.* Hartzell, 10 Harris 277 ; Irvine *v.* Lumbermen's Bank, 2 W. & S. 209. The pendency of a former action for the same cause is pleadable only in abatement, and material only when thus pleaded : Commonwealth *v.* Cope, 9 Wright 164 ; Findlay *v.* Keim, 12 P. F. Smith 117. The plea of a former action pending, without more, was an immaterial issue, and no judgment on the verdict on that plea could be entered for the defendant ; the verdict did not help the plea : Tams *v.* Lewis, 6 Wright 402. A plea averring that the former action was " depending and undetermined at the commencement of the present suit," without averring that it was still pending at the time of plea pleaded, is bad : Toland *v.* Tichenor, 3 Rawle 322 ; Smith *v.* Lathrop, 8 Wright 326. The plea as a plea in bar does not allege that the cause of action was the same ; that the parties ever pleaded to issue ; that there was ever a trial or judgment thereon, not reversed, satisfied or made void ; these are all essential averments to make good the plea : 3 Chitty on Plead. 929, note d. 956. The plea averred an agreement dated in 1867, as having been made in an action commenced in 1870. It was a question to be tried by inspection of the court and not for the jury : Rockwell *v.* Langley, 7 Harris 509 ; 1 Selwyn's N. P. 617 and in notes ; Finley *v.* Hanbest, 6 Casey 190 ; Bitzer *v.* Killinger, 10 Wright 44. It should appear of record that the matter had been decided in a court of concurrent jurisdiction ; that it was between the same parties, &c. : Marsh *v.* Pier, 4 Rawle 273 ; Coleman's Appeal, 12 P. F. Smith 272 ; Swayne *v.* Lyon, 17 Id. 441 ; Tams *v.* Lewis, 6 Wright 402. As a plea of submission of the claim to the decision of the sci. fa. on the mortgage it is bad, because there was no averment of award or performance : 3 Chitty's Plead. 928 ; Horbach *v.* Huey, 7 Watts 532. The plea should have averred more than a submission to abide the verdict on the mortgage : Thompson *v.* Charnock, 8 T. R. 139 ; Mitchell *v.* Harris, 2 Vesey Jr. 129 ; Elliott *v.* Heath, 13 N. H. 131 ; Chapman *v.* Secomb, 36 Maine 102 ; Smith *v.* Barse, 2 Hill 387 ; Nettleton *v.* Gridly, 21 Conn. 531 ; Hayes *v.* Blanchard, 4 Vt. 510 ; Leonard *v.* House, 15 Geo. 473 ; Scott *v.* Barnes, 7 Barr 134 ; Wells *v.* Lain, 15 Wend. 99 ; Jones *v.* Powell, 6 Dowl. 483 ; Gore *v.* Chadwick, 6 Dana 477. To affect the parties, the agreement should appear of record : Stokely *v.* Robinson, 10 Casey 315; Morse on Arbitration and Award 18; Russell on Arb. 486. The construction of the agreement was for the court : Miller *v.*

[Haubert *v.* Haworth.]

Fichthorn, 7 Casey 252 ; and is reviewable here on error: Bank *v.* Eyer, 10 P. F. Smith 440. The intent of the parties to the prospective submission is apparent, and is not to be enlarged beyond the plain terms used : Lauman *v.* Young, 7 Casey 306 ; Miller *v.* Fichthorn,. 7 Casey 255. As to the binding operation of the contract, it having been made by counsel, counsel have no power to compromise their clients' claim, without their clients' sanction or authority : Rowland *v.* Slate, 8 P. F. Smith 196 ; Stokely *v.* Robinson, 10 Casey 315 ; Holker *v.* Parker, 7 Cranch 449 ; Swinfen *v.* Swinfen, 5 Hurlst. & Norman 890. As to the amount of the verdict, failure to enter satisfaction on a paid mortgage subjects the mortgagee to the payment of any sum not exceeding the mortgage-money : Act of May 28th 1715, sect. 10 ; 1 Smith's Laws 95 ; 1 Br. Purd. 481, pl. 116 ; Henry *v.* Sims, 1 Whart. 187 ; Allen *v.* Conard, 1 P. F. Smith 487.

*D. W. Sellers*, for defendant in error.

Mr. Justice WILLIAMS delivered the opinion of the court, October 18th 1875.

This was an action, under the statute, to recover damages for the defendant's refusal to satisfy a mortgage given by the plaintiff. The jury found a verdict in favor of. the plaintiff on the issues under the pleas of " non-assumpsit, and that the mortgage was unpaid, and was still due, &c.," and assessed his damages at $1500 ; they found for the defendant in the issue under the special plea filed at the trial, .averring that the plaintiff, on October 30th 1867, agreed in writing with him, that the issue and questions arising in this suit should be settled and determined by the final judgment in a suit then pending between the said plaintiff and the said defendant, instituted to March ˙Term 1870, and numbered ·770. The court entered judgment in favor of the defendant on the finding of the jury on the special.plea. The only question presented by the record is, was the judgment rightly entered ? The authorities cited in the able argument of the counsel for the plaintiff in error clearly show that the special plea is bad, whether it be regarded as a plea in abatement or a plea in bar ; and that it is insufficient as a plea of submission and award. It is not necessary that we should go over the ground so fully explored by counsel ; or that we should add anything by way of argument or illustration in support of either of these positions. The authorities referred to conclusively show that the plea is bad in whatever aspect it may be regarded. Let us then come to the agreement itself, and see whether, if it had been properly pleaded, in connection with the record of the final judgment in the case to which it refers, it would have constituted a valid defence to the plaintiff's action. Treating the agreement, then, as if it had been made by

28 P. F. SMITH—6

[Haubert *v.* Haworth.]

the parties themselves, or by their express authority, is it a bar to the plaintiff's right to recover? In order to ascertain its true intent and meaning, it must be interpreted with reference to its subject-matter, with the light shed upon it by the surrounding circumstances. What then is the subject-matter of the agreement, and under what circumstances was it made? Three suits were then pending between the parties, all of which are set out in the caption of the agreement and numbered as of the term to which they were brought. The first in the order of time was the action brought by the plaintiff against the defendant (No. 360, March Term 1867), to recover damages for his refusal to satisfy the mortgage, the record of which is now before us; the case was then at issue on the plea of non-assumpsit, and that the mortgage was never paid and was still due, &c. The second was an action of scire facias on the mortgage (No. 770, March Term 1867), brought by the defendant in error against the plaintiff in error, to which the latter had filed an affidavit of defence, setting forth that he had paid the debt which the mortgage was given to secure. The third was a judgment D. S. B. (No. 403, September Term 1867), in favor of the defendant in error against the plaintiff in error on the bond, with warrant of attorney, secured by the mortgage on which execution had been issued, and in which a rule to open the judgment was pending on depositions. Under these circumstances, and with reference to these suits, it was "agreed that all further proceedings in the above actions, March Term 1867, No. 360, and September Term 1867, D. S. B. No. 403, be stayed, and the issue and questions arising therein be settled and determined by the final judgment in the above action, March Term 1867, No. 770, in which defendant will waive the question of mortgage not due, and let an issue be made as to payment of mortgage only." The agreement signed by the counsel of the respective parties bears date the 3d of October 1867.

The scire facias on the mortgage was tried by a jury, and a verdict rendered for the defendant (the plaintiff in error) on the 25th of January 1872, on which judgment was entered 25th May 1872. The verdict and judgment for the plaintiff in error conclusively established the fact that the mortgage was paid, and if so, the defendant in error was in default in not satisfying it of record as required by the plaintiff, the defendant in the scire facias. How then is the agreement to be interpreted? What was its object, and what was the intention of the parties in making it? Did they intend that all further proceedings in the action for damages for not satisfying the mortgage, and in the judgment on the bond accompanying the mortgage, should be stayed for all time, and that there should be no further proceedings in either of the cases, whatever might be the result of the trial in the scire facias? Did the plaintiff intend that if the verdict and judgment

[Haubert *v.* Haworth.]

were in his favor, that he should have no right to proceed in the action which he had brought, and recover the damages which he had sustained by the defendant's refusal to satisfy the mortgage? And did the latter intend that if the verdict and judgment were in his favor, that he should have no right to proceed on the judgment on the bond accompanying the mortgage, if the mortgaged premises were not sufficient to pay the debt? If the parties intended that the stay of proceedings for which the agreement provides, should be equivalent to a discontinuance, why did they not agree to discontinue the cases and make provision for the payment of the costs? Why keep them open and pending if no proceedings could be had in either after final judgment in the scire facias? The agreement does not declare in terms that the stay shall be absolute and unconditional, and there is nothing in the language from which it is necessarily implied. It does not provide that the *actions*, but that the issue and questions arising therein shall be settled and determined by the final judgment in the scire facias? How settled and determined? Does this mean that there shall be but the one judgment in the three cases, and that it shall determine and be the measure of the rights and liabilities of the parties in each and all of the cases? If so, why was payment of the mortgage made the only issue? Why was there not a provision that if found in favor of the plaintiff in error, that the jury should assess the damages which he had sustained by the refusal of the defendant in error to satisfy the mortgage? Did the parties intend to give up any of their substantial rights, or did they enter into the agreement for the purpose of having them ascertained and determined with the least trouble and expense? Did they not know that a final judgment in the scire facias in favor of the plaintiff in error, would be conclusive of his right to recover in this case, and that if in favor of the defendant in error, it would be conclusive of his right to proceed on the judgment upon the bond accompanying the mortgage? Did they not intend that the issues and questions in these cases should be settled and determined "by," that is—according to—the final judgment in the scire facias? The preposition "by" is often used in this sense, and this is one of its definitions, Webster's Dictionary, *ad verbum*, and is evidently its meaning as used by the parties here. The stay of further proceedings in the actions referred to was then not to be absolute, but terminable. Nor were the actions to be ended and determined by the final judgment in the scire facias; but the issue and questions therein were to be settled and determined in accordance with the final judgment in that case. This, as it seems to us, is the reasonable interpretation and obvious meaning of the agreement. And if so, it is no bar to the plaintiff's right to recover the damages found by the jury. This construction of the agreement renders it unnecessary to determine whether the parties

[Haubert *v.* Haworth.]

were bound by it, if it was made without their authority and consent, or whether in the absence of all proof on the subject, their consent must be presumed.

> Judgment reversed, and judgment for the plaintiff in the sum of fifteen hundred dollars, the amount found by the jury, with interest thereon from January 4th 1873.